**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**Mark Ruff, *et al.,***

      **Plaintiffs,**

      **v.**

**Jackson Township, *et al.,***

      **Defendants.**

**Case No. 2:23-cv-2916**

**Judge Michael H. Watson**

**Magistrate Judge Shimeall**

## <u>OPINION AND ORDER</u>

This matter is before the Court on the parties' cross-motions for summary judgment.  ECF Nos. 76, 77.  The motions are fully briefed and ripe for consideration.  ECF Nos. 82, 83, 86, 87.  For the reasons below, the Court **GRANTS** Defendants' motion, ECF No. 76, and **DENIES** Plaintiffs' motion, ECF No. 77.

### I.    STATEMENT OF FACTS

Mark Ruff ("Mr. Ruff") owns and operates Ruff Land Holdings LLC ("RLH") and Ruff Agri-Services LLC ("RAS" and, collectively with Mr. Ruff and RLH, "Plaintiffs").  Ruff Aff. ¶¶ 5, 6, ECF No. 77-1.  Mr. Ruff also owns certain property in Jackson Township (the "Grain Bin Property").  *Id.* ¶¶ 17, 18.  The Grain Bin Property was zoned as Farm Residential.  *Id.* ¶ 56.  Plaintiffs operated the Grain Bin Property as a grain transfer facility to store, market, and sell Plaintiffs' agricultural products.  ¶¶ 15–19.

In October 2021, someone complained to Jackson Township about Plaintiffs' use of the Grain Bin Property as a grain transfer facility, arguing that the use did not comport with the Farm Residential zoning restrictions. ¶¶ 27–29. Jackson Township's Zoning Inspector Steven Garner ("Mr. Garner") conferred with the Pickaway County Prosecutor's Office, and ultimately determined that Plaintiffs' use of the Grain Bin Property as a grain transfer facility for Plaintiffs' *own* agricultural products met the agricultural use exemption[1] to the zoning requirements and that Plaintiffs therefore had not violated any zoning codes and did not need a zoning certificate. ¶¶ 30–31.

In connection with that investigation regarding Plaintiff's use of the Grain Bin Property as a grain transfer facility for his *own* products, Mr. Garner informed Mr. Ruff that he would not be subject to the agricultural exemption if the Grain Bin Property received more than fifty percent of agricultural products from *other farms* ("Additional Use"). *Id.* ¶¶ 21, 52; Ruff Aff. Ex. 3, ECF No. 77-1 at PAGEID # 1679. Mr. Garner further explained that Mr. Ruff would need to rezone his property to operate the Grain Bin Property as proposed and he provided Mr. Ruff with a township zoning application form. *Id.* ¶ 53

---

[1] Ohio Revised Code § 519.21 sets out the agricultural use exemption: "[e]xcept as otherwise provided in divisions (B) and (D) of this section, sections 519.02 to 519.25 of the Revised Code confer no power on any township zoning commission, board of township trustees, or board of zoning appeals to prohibit the use of any land for agricultural purposes or the construction or use of buildings or structures incident to the use for agricultural purposes of the land on which such buildings or structures are located, including buildings or structures that are used primarily for vinting and selling wine and that are located on land any part of which is used for viticulture, and no zoning certificate shall be required for any such building or structure."

Case No. 2:23-cv-2916                                                    Page 2 of 19

In November 2021, following discussions between Jackson Township and Mr. Ruff's counsel, both sides agreed that Mr. Ruff should request the Grain Bin Property to be re-zoned from Farm Residential to Planned Business for Plaintiffs to use it as a grain transfer facility for *other* farms as proposed. *Id.* ¶¶ 55–56; Steven Garner Dep. 54:5–9, ECF No. 44-3. Plaintiffs began that rezoning process but, although their re-zoning application was approved in March 2022, Plaintiffs did not execute the final terms of the re-zoning application. Ruff Aff. ¶ 134, ECF No. 77-1. So, the Grain Bin Property remained zoned as Farm Residential. *Id.* ¶ 135.

Over a year later, and although Jackson Township had previously informed Mr. Ruff that the proposed Additional Use did *not* fall under the agricultural use exemption and that re-zoning would be required, Mr. Ruff sent a letter to the new Jackson Township Zoning Inspector Marian Garner ("Zoning Inspector Garner"), asking her to confirm that Plaintiff's proposed Additional Use *did* satisfy the agricultural use exemption and/or that no zoning certificate was required. Ruff Aff. Ex. 23, ECF No. 77-1 at PAGEID # 1748.

Two weeks later, Pickaway County Assistant Prosecuting Attorney Robert Chamberlain ("Attorney Chamberlain"), as legal counsel for Jackson Township, responded to Mr. Ruff, explaining that Zoning Inspector Garner received Mr. Ruff's letter and that Jackson Township disagreed with Mr. Ruff's legal analysis of the proposed Additional Use being exempt. Ruff Aff. Ex. 25, ECF No. 77-1 at PAGEID # 1751 ("Attorney Chamberlain Letter"). Attorney Chamberlain further

explained that, should Mr. Ruff commence operations for the Additional Use, Jackson Township may seek legal action against him. *Id.*

Eight days later, Zoning Inspector Garner responded separately to Mr. Ruff's letter. Ruff Aff. Ex. 26, ECF No. 77-1 at PAGEID # 1752. She repeated that, as described above, Jackson Township heard and considered Plaintiffs' existing use and proposed Additional Use over a year ago and that it already determined that the existing use satisfied the agricultural use exemption but that the Additional Use did not. *Id.*

Less than a week later, Plaintiffs, through counsel, sent a letter to Jackson Township, Jackson Township's Board of Zoning Appeals ("BZA"), Zoning Inspector Garner (collectively with Jackson Township and BZA, "Defendants"), and Attorney Chamberlain purporting to appeal the Attorney Chamberlain Letter and request a hearing. Ruff Aff. Ex. 27, ECF No. 77-1 at PAGEID ## 1753–55.

In response, Attorney Chamberlain informed Plaintiffs that the Attorney Chamberlain Letter was not a decision made by Zoning Inspector Garner and was not "an appealable decision [on which] the zoning board has the authority to hold an appeal hearing." Ruff Aff. Ex. 28, ECF No. 77-1 at PAGEID # 1760.

Plaintiffs, through counsel, then sent an amended notice of appeal, Ruff Aff. Ex. 29, ECF No. 77-1 at PAGEID # 1762, in response to which Attorney Chamberlain reiterated Defendants' position: that the Attorney Chamberlian Letter was not an appealable decision and that Defendants had not changed their position vis-a-vis the proposed Additional Use since they first informed Mr.

Case No. 2:23-cv-2916                                     Page 4 of 19

Ruff that it would require rezoning, Ruff Aff. Ex. 30, ECF No. 77-1 at PAGEID # 1786.

Relevant here, Zoning Inspector Garner's duties as Zoning Inspector and the scope of the decisions the BZA may consider on appeal are memorialized in the Jackson Township Zoning Resolution ("Resolution")[2]. Resolution, ECF No. 45-17.

## II. PROCEDURAL HISTORY

Plaintiffs filed this action in September 2023, alleging that Defendants violated their Fourteenth Amendment and Fifth Amendment rights under 42 U.S.C. § 1983 by denying them an agricultural use exemption and an appellate hearing and a meeting on the Attorney Chamberlain Letter.  Compl. ¶¶ 1, 39, 40, ECF No. 1.  Plaintiffs' claims against Defendants include those for a declaratory judgment (Count I); injunctive relief (Count II); violations of substantive and procedural due process under the Fourteenth Amendment (Count III); and violations of the Takings Clause of the Fifth Amendment (Count IV).  The parties now move for summary judgment.  ECF Nos. 76, 77.

## III. MOTIONS FOR SUMMARY JUDGMENT

### A. Standard of Review

The standard governing summary judgment is set forth in Federal Rule of Civil Procedure 56(a): "The court shall grant summary judgment if the movant

---

[2] The Resolution provides (among other things) the general provisions of the Jackson Township zoning code, zoning requirements, zoning inspector duties, and the scope of BZA appeals.  *See generally* Resolution, ECF No. 45-17.

Case No. 2:23-cv-2916                                                      Page 5 of 19

shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

The Court must grant summary judgment if the opposing party "fails to make a showing sufficient to establish the existence of an element essential to that party's case" and "on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). When reviewing a summary judgment motion, the Court must draw all reasonable inferences in favor of the nonmoving party, who must set forth specific facts showing there is a genuine dispute of material fact for trial, and the Court must refrain from making credibility determinations or weighing the evidence. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citation omitted); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49, 255 (1986). The Court disregards "all evidence favorable to the moving party that the jury would not be required to believe." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150–51 (2000) (citation omitted). Summary judgment will "not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248 (internal citations and quotation marks omitted).

Where a moving party seeks an award of summary judgment in its favor on a claim or issue as to which it bears the burden of proof at trial, the party's "showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d

254, 259 (6th Cir. 1986) (internal quotation marks, citation, and emphasis omitted); *Alpha Enters. v. Tomato Land Display Sys.*, 92 F. Supp. 2d 733, 736 (S.D. Ohio 2000). In other words, "[w]hen the moving party also bears the ultimate burden of persuasion, the movant's affidavits and other evidence not only must show the absence of a material fact issue, they also must carry that burden." *Ely v. Dearborn Heights Sch. Dist. No. 7*, 150 F. Supp. 3d 842, 849–50 (E.D. Mich. 2015).

Here, the parties have filed cross-motions for summary judgment. In reviewing cross-motions for summary judgment, courts should "evaluate each motion on its own merits and view all facts and inferences in the light most favorable to the non-moving party." *Wiley v. United States*, 20 F.3d 222, 224 (6th Cir. 1994). "The filing of cross-motions for summary judgment does not necessarily mean that the parties consent to resolution of the case on the existing record or that the district court is free to treat the case as if it was submitted for final resolution on a stipulated record." *Taft Broad. Co. v. United States*, 929 F.2d 240, 248 (6th Cir. 1991) (quoting *John v. State of La. (Bd. of Trs. for State Coils. & Univs.)*, 757 F.2d 698, 705 (5th Cir. 1985)). The standard of review for cross-motions for summary judgment does not differ from the standard applied when a motion is filed by one party to the litigation. *Taft Broad.*, 929 F.2d at 248.

The Court is not "obligated to wade through and search the entire record for some specific facts that might support the nonmoving party's claim."

Case No. 2:23-cv-2916                                                        Page 7 of 19

*InterRoyal Corp. v. Sponseller*, 889 F.2d 108, 111 (6th Cir. 1989). The Court may rely on the parties to call attention to the specific portions of the record that demonstrate a genuine issue of material fact. *Wells Fargo Bank, N.A. v. LaSalle Bank N.A.*, 643 F. Supp. 2d 1014, 1022 (S.D. Ohio 2009).

## B.    Analysis

Plaintiffs move for summary judgment, arguing that Defendants violated their constitutional rights by refusing to issue a use determination[3] and denying them a hearing and meeting on their appeal. ECF No. 77. Defendants likewise move for summary judgment, arguing that they did not violate Plaintiffs' constitutional rights because Plaintiffs were not entitled to a use determination and could not appeal the refusal to issue a use determination. ECF No. 76. The Court will first analyze the procedural issues before turning to the merits.

### 1.    BZA is not *sui juris*.

As an initial matter, BZA is a subdivision of Defendant Jackson Township, so the Court dismisses the claims against BZA as either duplicative or because BZA is not *sui juris*. *Duke's K9 Dash N' Splash, LLC v. Zizka*, No. 5:24-cv-218, 2024 WL 3965599, at *6–7 (N.D. Ohio Aug. 28, 2024) (finding that the board of zoning appeals is a subdivision of Freedom Township and construing the claims

---

[3] Plaintiffs requested that Zoning Inspector Garner confirm that the Additional Use satisfied the agricultural use exemption and/or that no zoning certificate was needed. Ruff Aff. Ex. 23, ECF No. 77-1 at PAGEID # 1748. The Court refers to this as requesting a "use determination."

Case No. 2:23-cv-2916                                                          Page 8 of 19

against the board as claims against the township).  Thus, Plaintiffs' claims against BZA are **DISMISSED WITH PREJUDICE**.

### 2. The claims against Zoning Inspector Garner in her official capacity[4] are redundant.

When a § 1983 claim is brought against both a defendant in their official capacity and the related government entity, courts typically dismiss the official-capacity claim as redundant.  *Kouider v. Parma City Sch. Dist. Bd. of Educ.*, 480 F. Supp. 3d 772, 780 (N.D. Ohio 2020) (citations omitted).  Here, because the official-capacity claims against Zoning Inspector Garner are treated the same as if they were brought against Jackson Township and because Jackson Township is a Defendant, Plaintiffs' claims against Zoning Inspector Garner in her official capacity are redundant and are therefore **DISMISSED WITH PREJUDICE**.

Thus, at this point, Plaintiffs claims are for procedural due process, substantive due process, and takings, and those claims remain against only Jackson Township pursuant to *Monell*.

### 3. *Golf Village* bars both due process claims.

Defendants seek summary judgment on Plaintiffs' substantive and procedural due process claims, explaining that the claims are barred by *Golf Vill.*

---

[4] Defendants also argue that Zoning Inspector Garner cannot be held liable in her *individual* capacity for a Takings claim.  ECF No. 76 at PAGEID # 1605.  But the Court construes the Complaint as only pleading official-capacity claims against Zoning Inspector Garner—indeed, throughout the Complaint, Plaintiffs "group plead" the allegations against Defendants, do not expressly mention that they are asserting individual-capacity claims, and specifically name Zoning Inspector Garner as a Defendant "in her official capacity."  Compl., ECF No. 1 at PAGEID # 1.

*North, LLC v. City of Powell*, No. 2:16-cv-668, 2021 WL 3577933, at *6 (S.D. Ohio July 15, 2021), *aff'd*, 42 F.4th 593, 598 (6th Cir. 2022).[5] ECF No. 76 at PAGEID # 1584 . The Court agrees.

To prevail on procedural and substantive due process claims, a plaintiff must show that he has been deprived of a constitutionally protected interest. *See Med. Corp., Inc. v. City of Lima*, 296 F.3d 404, 409 (6th Cir. 2002) (explaining that for a procedural due process claim, a plaintiff must demonstrate (1) that it had a life, liberty, or property interest protected by the Due Process Clause of the Fourteenth Amendment; (2) that it was deprived of that protected interest within the meaning of the Due Process Clause; and (3) that the state did not afford it adequate procedural rights before depriving it of its protected interest); *Braun v. Ann Arbor Charter Twp.*, 519 F.3d 564, 573 (6th Cir. 2008) (observing that to prevail on a substantive due process claim, a plaintiff must show "(1) a constitutionally protected property or liberty interest exists, and

---

[5] Defendants also allege that Plaintiffs fail to establish *Monell* liability because they do not point to "an official policy or custom." ECF No. 76 at PAGEID # 1597 (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978)). But it is well settled that a municipality "may be held liable for the acts of its Board of Zoning Appeals due to the fact that [the] municipality conferred final policy making authority on th[e] [Board of Zoning Appeals] and the fact that the decision of the [Board of Zoning Appeals] constitutes an action taken under state law." *Stotts v. Pierson*, 976 F. Supp. 2d 948, 966 (S.D. Ohio 2013) (finding that the Board of Zoning Appeals's decision as to the zoning application was considered the "execution of the municipality's policy or custom" (citation omitted)). Contrary to Defendants' argument, if Plaintiffs could establish that Defendants made a final decision related to Plaintiffs' request for a use determination, that decision may be properly considered Jackson Township's policy or custom to sustain a *Monell* claim. That said, Plaintiffs trip on the starting line. As discussed below, they do not have a final decision from either Zoning Inspector Garner or the BZA.

(2) the constitutionally protected interest has been deprived through arbitrary and capricious action").

Here, Plaintiffs allege that they had a constitutionally protected property interest to use or operate the Grain Bin Property as a grain transfer facility for other farms' agricultural products. ECF No. 77 at PAGEID # 1642. Plaintiffs further allege that they were deprived of that property interest when Defendants (1) refused to issue a use determination, and (2) refused a hearing for Plaintiff's appeal. *Id.*

The Court assumes for the sake of argument that Plaintiffs have a protected property interest in using the Grain Bin Property as a grain transfer facility for other farms' agricultural products. *See Golf Vill. North, LLC*, 42 F.4th at 598. But they cannot show any deprivation of that interest. *Id.*

*Golf Village* is instructive here on Plaintiffs' procedural and substantive due process claims. In that case, like here, Golf Village sent an informal letter to a city's zoning administrator, requesting written confirmation that its proposed use of its property was a permitted use. *Id.* at 596–97. Like here, the zoning administrator refused to provide Golf Village a use determination, "saying it would be an advisory opinion." *Id.* He explained that the city's zoning code did not have an established process for providing applicants, like Golf Village, "advisory opinions" but that the code requires an applicant to instead apply for a zoning certificate approval. *Id.* Like here, Golf Village tried to appeal the refusal. *Id.* But, like here, the zoning administrator informed Golf Village that his refusal to

Case No. 2:23-cv-2916                                                    Page 11 of 19

provide a use determination was not an appealable administrative decision, so the city did not entertain an appeal. *Id.* Golf Village sued, alleging that the zoning administrators' failure to issue a use determination and the board's failure to entertain an appeal deprived it of its property interest without adequate procedural due process. *Id.* It also argued that the "[c]ity violated substantive due process by refusing to issue a 'use determination', deciding a residential hotel was not a permitted use; and delaying and eventually denying that a residential hotel is a permitted use." *Id.* at 602.

The Sixth Circuit held that Golf Village "ha[d] a constitutionally protected property interest in building a residential hotel" but that the city did not unlawfully deprive Golf Village of such interest because it had no right to a use determination under the city's code or to appeal the denial of a use determination. *Id.* at 598. Regarding substantive due process, the Sixth Circuit held that none of the city's actions "[were]so shocking as to shake the foundations of this country;" rather, it concluded that "each of [those] decisions [was] rational." *Id.* at 602 (citation omitted).

Plaintiffs' due process claims are nearly identical to those raised in *Golf Village* and suffer the same fate in this action because the Jackson Township zoning regulations also lack a process for obtaining a use determination.

### a. Procedural Due Process

Beginning with Plaintiffs' procedural due process claim, Plaintiffs contend that they were entitled to a use determination. ECF No. 77 at PAGEID # 1642.

But, as was the case for the City of Powell in *Golf Village*, the Jackson Township Resolution does not provide a process for obtaining use determinations, nor is it within Zoning Inspector Garner's duties to issue use determinations. Resolution, ECF No. 45-17 at PAGEID # 909. Thus, Plaintiffs were not deprived of their protected property interest when Defendants refused to provide a use determination. *Golf Vill. North, LLC*, 42 F.4th at 600 ("In sum, the plain meaning of the Code is clear: The zoning administrator need not issue a 'use determination.' The Code explicitly outlines the zoning administrator's duties and lists no such responsibility. While it mandates that 'all questions of interpretation and enforcement' first be presented to [the zoning administrator], it limits the 'procedure for deciding' those questions to what is described in the Code. And the Code doesn't include a 'use-determination' process."). Instead, Plaintiffs could have applied for rezoning or could have used the Grain Bin Property as a grain transfer facility for its own agricultural products and/or less than fifty percent of other farms' agricultural products to invoke the agricultural use exemption in the event someone filed a complaint against them.

In addition, Plaintiffs assert that they were deprived of their constitutionally protected interest when Defendants rejected their request for an appellate hearing. ECF No. 77 at PAGEID # 1643. The Resolution, however, states that BZA may reverse the Zoning Inspector's orders, decisions, or determinations. Resolution, ECF No. 45-17 at PAGEID # 912. And a response refusing to issue a use determination is not an order, decision, or determination subject to BZA

Case No. 2:23-cv-2916                                                    Page 13 of 19

appeals. *Golf Vill. North LLC,* 2021 WL 3577933, at \*6 ( "[T]he Board of Zoning Appeals had no responsibility to hear an appeal of the Zoning Administrator's non-decision—a non-decision that occurred because [p]laintiffs elected not to follow the available procedures."). So, Plaintiffs' case suffers the same fatal flaw as *Golf Village*—Plaintiffs were not entitled to a use determination, Defendants' response declining to issue one did not amount to a final decision, and, by extension, Plaintiffs were not entitled to an appellate hearing or meeting.

Notwithstanding this, Plaintiffs argue that Jackson Township's informal procedure led to their constitutional rights deprivation. ECF No. 83 at PAGEID # 1830. But this argument is just another iteration of their argument that the lack of a final decision is appealable, which argument this Court and the Sixth Circuit have rejected. *See Golf Vill. North LLC,* 2021 WL 3577933, at \*5 (holding that the plaintiffs were not entitled to their request for an advisory opinion on a proposed use and that the defendants' response declining to issue one was not a final, appealable decision);*Golf Vill. North LLC,* 42 F.4th at 593 (holding that the plaintiffs failed to show that the proposed procedure (an appellate hearing) was necessary because plaintiffs could have simply applied for a zoning certificate and appealed any refusal).

Similarly, no hearing was necessary here because Plaintiffs could have sought a re-zoning application (as they did in 2022), and they could have appealed any denial of the rezoning application to the BZA. Alternatively, if Plaintiffs believed the Additional Use satisfied the agricultural use exemption

Case No. 2:23-cv-2916                                                                 Page 14 of 19

such that rezoning was unnecessary, they could have simply used the Grain Bin Property according to the Additional Use and appealed any subsequent violation. At bottom, Plaintiffs fail to demonstrate a lack of procedural due process.

### b.    **Substantive Due Process**

Turning to substantive due process, because Plaintiffs have a protected property interest, they need only demonstrate that the Defendants deprived them of that interest "through arbitrary and capricious action." *Golf Vill. North LLC,* 42 F.4th at 601.

In evaluating substantive due process challenges to a zoning decision, courts require the plaintiff to show that "there is no rational basis" for the zoning decision. *Id.* (citation omitted). "[T]he irrationality [must be] so extreme that it 'shocks the conscience.'" *Id.* (citation omitted). Put simply, the "government's actions must be so brutal and offensive that [they do] not comport with traditional ideas of fair play and decency." *Id.* (citation and internal quotation marks omitted).

Here, Plaintiffs argue that the deprivation of their protected interest was arbitrary and capricious. ECF No. 77 at PAGEID # 1643. Plaintiffs contend that, "rather than respond to Plaintiffs' requests for agricultural use confirmation and/or to process and hear Plaintiffs' administrative appeals, Defendants simply threatened Plaintiffs with court action." *Id.*

That argument fails to clear the high bar for "arbitrary and capricious action." Put in context, Defendants informed Plaintiffs as of 2021 that the

Case No. 2:23-cv-2916                                      Page 15 of 19

proposed Additional Use would not satisfy the agricultural use exemption and that Plaintiffs would need to rezone the Grain Bin Property to engage in the Additional Use.  Plaintiffs began the rezoning process but ultimately abandoned it.  Later, Plaintiffs requested a use determination, but Defendants declined to provide one or entertain an appeal, stating that their position on the agricultural use exemption had not changed since 2021.  In those letters, Defendants warned Plaintiffs that, if Plaintiffs engaged in the Additional Use without rezoning the property, Defendants may file suit in state court. None of those actions are arbitrary, capricious, or shock the conscious.  First, Defendants' refusal to issue a use determination or process Plaintiffs' appeal had a rational basis—the Resolution's lack of a process for obtaining a use determination.  Notably, Defendants, through Attorney Chamberlain and Zoning Inspector Garner, informed Plaintiffs further that they did not agree with Mr. Ruff's legal analysis and that the issue had already been decided over a year ago.  Ruff Aff., ECF No. 77-1 at PAGEID ## 1751–52.  Likewise, as to the request for an appeal, Defendants informed Plaintiffs that the letters were not final decisions, so they could not be appealed.  *Id.* at PAGEID # 1760.  Second, as to the threat of legal action, Defendants' correspondence simply confirmed that Plaintiffs' proposed Additional Use could lead to legal action if undertaken without the proper zoning in place; this does not rise to the level of conscious-shocking behavior.  In sum, Plaintiffs fail to demonstrate a substantive due process violation.

Thus, the Court **GRANTS** summary judgment to Defendants and **DENIES** summary judgment to Plaintiffs on Count III.

4. **The Takings claim fails because Plaintiffs were not deprived of their property.**

The Fifth Amendment provides that private property should not be taken for public use without just compensation. U.S. Const. amend. V. "The government may violate the Takings Clause of the [F]ifth [A]mendment by denying an owner dominion over his property without invoking the formal power of eminent domain." *Amen v. Dearborn*, 718 F.2d 789, 794 (6th Cir. 1983).

To assert a valid Takings claim where the government has not physically taken ownership or control of the property, however, a plaintiff must pass a high bar. *Id.* at 795 ("[B]efore a taking occurs the government must deny the owner all or an essential use of his property[.]"); *Ridge Line, Inc. v. United States*, 346 F.3d 1346, 1356 (Fed. Cir. 2003) ("[T]o constitute a taking, an invasion must appropriate a benefit to the government at the expense of the property owner, or at least preempt the owner's right to enjoy his property for an extended period of time, rather than merely inflict an injury that reduces its value."); *In re TVA Ash Spill Litig.*, 805 F. Supp. 2d 468, 493 (E.D. Tenn. 2011) (holding that coal ash on plaintiffs' property was not a taking because it did not deny "all or essential use" of property).

Here, Defendants are entitled to summary judgment on Plaintiffs' Takings claim. Plaintiffs did not have a constitutional right to engage in the Additional

Use on property zoned Farm Residential. *Zizka*, 2024 WL 3965599, at *8–9 (holding that the plaintiffs failed to meet the essential elements of a Takings claim because plaintiffs did not plausibly allege that "'the proscribed use interests'— namely, the ability to operate a business and construct buildings for that business on land zoned for agricultural use—were part of their constitutionally-protected property rights 'to begin with'" (citation omitted)).

In addition, Plaintiffs have not been denied "all or essential use of" the Grain Bin Property. Plaintiffs can still use the Grain Bin Property for any purpose permitted under the Farm Residential zoning category, including as a grain storage facility for *Plaintiffs'* products. *Id.*

Thus, the Court **GRANTS** summary judgment to Defendants and **DENIES** summary judgment to Plaintiffs on Count IV.

### 5.    Declaratory Judgment and Injunctive Relief

Because Plaintiffs' Fourteenth Amendment and Fifth Amendment claims do not survive summary judgment, Plaintiffs are not entitled to a declaratory judgment or injunctive relief. *See Kaplan v. Univ. of Louisville*, 10 F.4th 569, 587 (6th Cir. 2021). Thus, the Court **GRANTS** summary judgment to Defendants and **DENIES** summary judgment to Plaintiffs on Counts I and II.

## IV.    CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment, ECF No. 76, is **GRANTED**. Plaintiffs' motion for summary judgment, ECF No. 77, is **DENIED**.

The Clerk shall enter judgment in favor of Defendants and close this case.

**IT IS SO ORDERED.**

MICHAEL H. WATSON, JUDGE
**UNITED STATES DISTRICT COURT**